**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Susan Hester Carrillo</u>

   v.                                                        Case No. 21-cv-605-SM

<u>Jane DuVall Hester and</u>
<u>Beth Hester Platt</u>

**REPORT AND RECOMMENDATION**

    Plaintiff Susan Hester Carrillo, proceeding pro se and in forma pauperis, has sued her sister and her father's ex-wife, alleging that they illegally acquired, and later sold, property that she should have inherited from her father. The Complaint (Doc. No. 1) included plaintiff's address in Takoma Park, MD. On August 23, 2021, the court directed the United States Marshal Service to serve the defendants. See Service Order (Doc. No. 7). Service was subsequently completed and counsel appeared for the defendants.

    On October 7, 2021, the copy of the service order mailed to the plaintiff at the Maryland address was returned to the court, undelivered, and marked "Return to Sender; Not Deliverable As Addressed; Unable to Forward. Doc. No. 11. On November 9, 2021, the court received a similar notice regarding another court order. Doc. No. 13. On December 3, 2021, the court's notice of a scheduled pretrial conference was returned, undelivered, with a similar notice. Doc. No. 15.

After the plaintiff failed to appear at the pretrial conference commenced on December 15, 2021, the court rescheduled the conference and attempted to so notify plaintiff at an alternative address defense counsel provided at that conference. That notice was also returned, undeliverable. Doc. No. 16. Following plaintiff's failure to appear at the rescheduled pretrial conference, the court issued an order directing the plaintiff to notify the court on or before February 14, 2022, whether she wished to further prosecute this lawsuit, and if so, to provide the court with an updated mailing address, as required by LR 83.6. In that Order, the court warned the plaintiff that failure to respond might result in dismissal of this case for failure to prosecute. See January 13, 2022 Endorsed Order. That order was also returned to the court undelivered. Doc. No. 17.

It appears that Ms. Carrillo has abandoned this case. Accordingly, the district judge should dismiss the matter for lack of prosecution, sua sponte, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Torres-Álamo v. Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007) ("A district court, as part of its inherent power to manage its own docket, may dismiss a case for any of the reasons prescribed in . . . Rule 41(b); Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir. 2002)(citation omitted) (court may

dismiss an action under Rule 41(b) if plaintiff fails to diligently prosecute the matter).

## Conclusion

Based on the foregoing, the district judge should dismiss this case in its entirety for failure to prosecute.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.

Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

March 18, 2022

cc:   Susan H. Carrillo, pro se
      John M. Edwards, Esq.